# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-04495 DMG (MRWx)** | Date | June 20, 2011 |
| Title | *Aurora Loan Services LLC v. Severiano Puente, et al.* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On March 7, 2011, Plaintiff Aurora Loan Services LLC filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Severiano Puente and Does "1" through "10." Plaintiff seeks possession of real property and restitution for Defendant's use and occupancy of the property in the amount of $50.00 per day starting on February 27, 2011. (Compl. at 2-3.)

Defendant Puente removed the case to this Court on May 25, 2011, on the basis of federal question and diversity jurisdiction. The complaint, however, raises no federal question. Although Defendant invokes various federal statutes as an apparent defense or counterclaim, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Moreover, the amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

    Because Defendant has not established a basis for removal jurisdiction on the face of his Notice of Removal, this action is hereby **REMANDED** to Los Angeles County Superior Court. The July 18, 2011 Scheduling Conference is **VACATED**.

**IT IS SO ORDERED.**